IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS-EASTERN DIVISION

| | |
|---|---|
| CHICAGO LASHES, Inc.<br><br>Plaintiff,<br><br>v.<br><br>CHICAGO LASH LOUNGE, LLC and OLIVIA BLACK, INDIV. AND D/B/A CHICAGO LASH LOUNGE<br><br>Defendants. | No. 15-cv-06584 |

## COMPLAINT

Plaintiff Chicago Lashes, LLC ("Plaintiff" or "Plaintiff Chicago Lashes"), by and through the undersigned counsel, hereby files this Complaint against Defendants, Chicago Lash Lounge, LLC and Olivia Black, indiv. and d/b/a Chicago Lash Lounge (collectively the "Defendants" or "Defendants Chicago Lash Lounge"). In support thereof, Plaintiff states as follows:

## INTRODUCTION

1. This is an action for service mark infringement and unfair competition pursuant to the Lanham Act, 15 U.S.C. §1114 and §1125(a); deceptive trade practices; trade libel; tortious interferences with prospective business opportunities; and punitive damages.

2. The action results from, *inter alia*, Defendants' unauthorized and intentional use of a confusingly similar variation of Plaintiff's Illinois-registered and federally-registered CHICAGO LASHES mark, as well as Defendants' various tortious and unfair business practices.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 1338 (b). This Court has supplemental jurisdiction over Plaintiff's related state law claims under 18 U.S.C. § 1367.

4. Venue and personal jurisdiction is proper in the Northern District of Illinois under 28 U.S.C. 1391 (b) and (c) and 15 U.S.C. 1121 since, *inter alia*, a substantial part of the events or omissions giving rise to the claims occurred in this district, Plaintiff and Defendants are doing business in this district, and Defendants have promoted their services on their website, in connection with marks confusingly similar to Plaintiff's mark, in this district.

**PARTIES**

5. Plaintiff Chicago Lashes is an Illinois corporation with its principal place of business located at 3530 N. Ashland Ave, #1a, Chicago, Illinois 60654.

6. Upon information and belief, Defendant Chicago Lash Lounge, LLC is a now-dissolved Illinois company with its original principal place of business located at 1913 W. Belmont Ave., Chicago, Illinois 60657.

7. Upon information and belief, defendant Olivia Black is an Illinois resident living at 2725 W. Prindiville St., Chicago, Illinois 60647.

**BACKGROUND**

8. In 2009, Frank and Jenny Moore began selling eyelash extension services under the name "CHICAGO LASHES."

9. In April of 2010, Plaintiff Chicago Lashes purchased and began using the domain name <chicagolashes.com> to market its services online under the CHICAGO LASHES mark. *See* Exhibit A. In May of 2010, Plaintiff purchased an additional domain name, <www.chicago-

eyelashes.com>, to further promote and market its services under the mark CHICAGO LASHES. *See* Exhibit B.

10. Based on information and belief, Defendant Chicago Lash Lounge originally did business under the name "Eyelashes by Olivia" or "Olivia's Lavish Lashes" and offered, amongst other services, eyelash extensions less than three miles away from Chicago Lashes, Inc. *See* Exhibit C. Due to Plaintiff Chicago Lashes' commercial success and extensive online presence, however, Defendant changed its name to "Chicago Lash Lounge" in 2010.

11. On July 6, 2010, Frank and Jenny Moore incorporated the business as "Chicago Lashes, Inc." *See* Exhibit D.

12. The very next day, on July 7, 2010, Defendant Black organized her business as "Chicago Lash Lounge, LLC." *See* Exhibit E.

13. On September 4, 2010, Defendant Black opened a salon called "Chicago Lash Lounge," 2.5 miles away from Chicago Lashes, Inc. *See* Exhibit F.

14. On November 7, 2013, Plaintiff registered in Illinois the word-only mark CHICAGO LASHES, based on use at least as early as April 1, 2009. *See* Exhibit G.

15. On April 28, 2015, the United States Patent and Trademark Office (the "USPTO") registered Plaintiff's CHICAGO LASHES & Design service mark, which is used in connection with beauty treatment services, namely, eyelash extension services. The registration is based on use at least as early as May 1, 2009. *See* Exhibit H.

16. Plaintiff Chicago Lashes has invested substantial time, effort, and expense extensively promoting, marketing, and advertising the CHICAGO LASHES mark in connection with its services.

17. As a result of the continuous and considerable advertising, marketing and promotion of the CHICAGO LASHES mark by Plaintiff, the mark has become, through public acceptance and recognition, an asset of substantial value symbolizing Plaintiff's quality of services and goodwill.

18. Plaintiff Chicago Lashes has never authorized, licensed or otherwise permitted the Defendants to use the CHICAGO LASHES mark, or any confusingly similar variation thereof. Nevertheless, Defendants have used and continue to use the mark CHICAGO LASH LOUNGE to sell its eyelash extension services.

19. Defendants also use the confusingly similar domain name <www.chicagolashlounge.com> in connection with its promotion of services including eyelash extensions. *See* Exhibit I.

20. Plaintiff's staff, specifically general manager James Nemeck and assistant manager Monica Carrasco, regularly receives inquiries from customers and potential customers asking if Plaintiff is the same business as or is otherwise related to Defendants.

21. On July 16, 2014, Plaintiff—through the undersigned counsel—sent a letter to Defendants demanding that Defendants cease use of the name CHICAGO LASH LOUNGE, change the name of the LLC, and relinquish the domain name www.chicagolashlounge.com. *See* Exhibit J. AP Dreamworks, LLC, owner of the federally registered "THE LASH LOUNGE" mark, also sent a letter to Defendants. *See* Exhibit K. After initially representing that she would change the name of CHICAGO LASH LOUNGE, Defendant Black reversed her decision and has since refused to comply with Plaintiff Chicago Lashes demands.

4

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

22. Plaintiff incorporates by reference into this Count all of the allegations appearing in paragraphs 1-21 of this Complaint as if set forth fully herein.

23. Defendants' unauthorized use of the CHICAGO LASHES mark and approximations thereof, such as the infringing service mark CHICAGO LASH LOUNGE and the infringing domain <chicagolashlounge.com>, in interstate commerce, has caused and is likely to cause confusion, mistake, or deception as to the source, association, or sponsorship of Defendants' eyelash extension services.

24. The relevant public has believed and is likely to believe that Defendants' services originate with, are licensed by, sponsored by, connected with, or otherwise associated with Plaintiff. Defendants' unauthorized use of the infringing mark falsely represents Defendants as being legitimately connected with Plaintiff and places Plaintiff's reputation beyond Plaintiff's control.

25. Upon information and belief, Defendants knew Plaintiff was selling and advertising eyelash extension services under the CHICAGO LASHES name starting in 2009, as Plaintiff's original salon was 2.5 miles away from Defendants' salon and because any online search for the term "Chicago Lash Lounge" would have produced results featuring Plaintiff's business. Defendants have also had notice of Plaintiff's trademark rights based on its November 7, 2013 Illinois registration and its April 28, 2015 federal registration. Defendants' previous and current use of Plaintiff's mark, despite Defendants' clear knowledge of Plaintiff's use and Illinois and federal registrations, constitutes willful infringement.

5

26. Plaintiff has been and is being damaged by Defendants' trademark infringement and has no adequate remedy at law. Defendants' unlawful conduct will continue to damage Plaintiff unless enjoined by this Court.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendants as follows:

(a) A permanent mandatory injunction ordering Defendants to stop using the confusingly similar CHICAGO LASH LOUNGE name and mark in connection with eyelash extension services and related services;

(b) Defendants' trebled profits associated with the infringement or damages to Plaintiff, in an amount to be determined at trial, but in no event less than $50,000;

(c) Plaintiff Chicago Lashes' cost and reasonable attorneys' fees pursuant to 15 U.S.C. §1117;

(d) Both pre-judgment and post-judgment interest; and

(e) Such other and further relief as this Court finds just and equitable.

## COUNT II
## FEDERAL UNFAIR COMPEITTION

27. Plaintiff incorporates by reference into this Count all of the allegations appearing in paragraphs 1-26 of this Complaint as if set forth fully herein.

28. Defendants have passed off and continue to pass off its services as Plaintiff's services by using—with ample notice and knowledge of Plaintiff's business and its CHICAGO LASHES mark—the confusingly similar CHICAGO LASH LOUNGE mark in connection with eyelash extension services without a disclaimer or other reasonable measures to prevent confusion and adequately identify itself as the source.

29. Plaintiff Chicago Lashes has been and is being damaged by such conduct and has no adequate remedy at law. Defendants' unlawful and willful conduct will continue to damage Plaintiff unless enjoined by this Court.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendants as follows:

(a) A permanent mandatory injunction ordering Defendants to stop passing its services off as Plaintiff's services by not using the CHICAGO LASH LOUNGE name or mark in connection with eyelash extension services and related services or by using reasonable measures to identify itself;

(b) Defendants' trebled profits associated with the infringement and/or damages to Plaintiff, in an amount to be determined at trial, but in no event less than $50,000;

(c) Plaintiff's cost and reasonable attorneys' fees pursuant to 15 U.S.C. §1117;

(d) Both pre-judgment and post-judgment interest; and

(e) Such other and further relief as this Court finds just and equitable.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

30. Plaintiff incorporates by reference into this Count all of the allegations appearing in paragraphs 1-29 of this Complaint as if set forth fully herein.

31. Defendants unfairly poach customers away from Plaintiff by purposely reaching out to Plaintiff's customers on social media and telling them false statements of fact about Plaintiff's business or misleading them into believing they are communicating with Plaintiff in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. State. §510/2(a)(12).

32. Defendants' false statements and misleading conduct have caused Plaintiff's customers to purchase Defendants' services instead of Plaintiff's services.

33. Plaintiff has been and is being damaged by such violation and has no adequate remedy at law. Defendants' unlawful and willful conduct will continue to damage Plaintiff unless enjoined by this Court.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendants as follows:

(a) A permanent mandatory injunction ordering Defendants to stop unfairly poaching Plaintiff's customers;

(b) For damages to Illinois consumers and Plaintiff, in an amount to be determined at trial, but in no event less than $50,000.

(c) Both pre-judgment and post-judgment interest; and,

(d) Such other and further relief as this Court finds just and equitable.

## COUNT IV
## TRADE LIBEL

34. Plaintiff incorporates by reference into this Count all of the allegations appearing in paragraphs 1- 33 of this Complaint as if set forth fully herein.

35. Beginning in or about 2014, and continuing through the present, Defendants have intentionally and without justification or privilege said false and disparaging statements about Plaintiff Chicago Lashes and its services to third parties, including but not limited to Plaintiff Chicago Lashes' existing and potential customers. Specifically, Defendants falsely told past and potential Chicago Lashes customers that Plaintiff's stylists are not licensed, that its stylists use low-quality products, and that its store is unsanitary.

36. As a proximate result of Defendants' above-referenced statements, Plaintiff's existing and prospective customers have been deterred from using Plaintiff's services. As a further proximate result of Defendants' above-referenced statements, Plaintiff Chicago Lashes has had to refund clients for services rendered and has had to spend extensive time and effort addressing damage done to its business.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendants as follows:

(a) For damages to Plaintiff, in an amount to be determined at trial, but in no event less than $5,000.

(b) Both pre-judgment and post-judgment interest; and,

(c) Such other and further relief as this Court finds just and equitable.

## COUNT V
## TORTIOUS INTERFERENCE WITH PROPSECTIVE BUSINESS OPPORTUNITIES

37. Plaintiff incorporates by references into this Count all of the allegations appearing in paragraphs 1-36 of this Complaint as if set forth fully herein.

38. Plaintiff had a reasonable expectation of entering into valid business relationships with potential customers interested in eyelash extensions and Defendants knew of this reasonable expectancy.

39. Through willfully false and disparaging statements about Plaintiff and its services, Defendants intentionally interfered with this business expectancy by convincing customers to purchase Defendants' services instead of Plaintiff's services.

40. With reasonably certainty, but for Defendants false and disparaging statements, Plaintiff business expectancy would have been realized.

41. Defendants' interference was done purposefully, intentionally, and willfully, such that any potential customers of Plaintiff's services were dissuaded from selecting Plaintiff. As a result, Defendants intended to and did interfere with Plaintiff's business expectancy.

42. Plaintiff has lost customers and sales as a direct and proximate result of Defendants' tortious conduct.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendants as follows:

(a) For damages to Plaintiff, in an amount to be determined at trial, but in no event less than $50,000.

(b) Both pre-judgment and post-judgment interest; and,

(c) Such other and further relief as this Court finds just and equitable.

## COUNT VI
## PUNITIVE DAMAGES

43. Plaintiff re-alleges and incorporates by references into this Count all of the allegations appearing in paragraphs 1-42 of this Complaint as if set forth fully herein.

44. Defendant's actions, were intentional, willful, and wanton, and were performed with malice toward Plaintiff Chicago Lashes.

45. Punitive damages are necessary to punish Defendants for their conduct and to deter them from committing similar transgressions in the future.

WHEREFORE, Plaintiff seeks punitive damages from Defendants, including attorney's fees, in the amount of not less than $100,000.

Respectfully Submitted,

Date: July 28, 2015 /s/ Daliah Saper
Daliah Saper
Saper Law Offices, LLC

        505 N. LaSalle, Suite 350
        Chicago, Illinois 60654
        (312) 527-4100
        ds@saperlaw.com

        Chad Nold
        Saper Law Offices, LLC
        505 N. LaSalle, Suite 350
        Chicago, Illinois 60654
        (312) 527-4100
        chad@saperlaw.com

        Matt Grothouse
        Saper Law Offices, LLC
        505 N. LaSalle, Suite 350
        Chicago, Illinois 60654
        (312) 527-4100
        trademark@saperlaw.com

Case: 1:15-cv-06584 Document #: 1 Filed: 07/28/15 Page 11 of 12 PageID #:11

## **DEMAND FOR JURY TRIAL**

      Plaintiff Chicago Lashes, Inc. hereby demands a jury trial on all issues triable as of right to a jury. Fed. R. Civ. P. 38(b).

Dated: July, 28, 2015

                                                /s/ Daliah Saper
                                                Daliah Saper, One of Attorneys for
                                                Plaintiff Chicago Lashes, Inc.

Daliah Saper
Chad Nold
Matt Grothouse
Saper Law Offices, LLC
505 North LaSalle, Suite 350
Chicago, IL 60654
Phone: (312) 527-4100